## TENNISON *v.* HANSON.

## Opinion delivered March 8, 1920.

1. SALES—ABANDONMENT OF CONTRACT—JURY QUESTION.—In an action against a seller for breach of a contract to deliver cotton, the testimony being in conflict, the question whether defendant abandoned the contract before the buyer's insolvency was for the jury.

2. SALES—DUTY OF SELLER TO MAKE TENDER.—In an action by the trustee of a bankrupt firm against one who had contracted to deliver the cotton to the firm, alleging a breach of the contract, *held* where there was evidence that the firm's agent had notified the seller that the firm was insolvent, and would be unable to carry out the contract, it was not error to refuse to instruct that the defendant was liable unless he had tendered performance; as the law does not require the doing of a vain thing.

3. SALES—TIME OF DELIVERY—INSTRUCTION.—Where a contract obligated the seller to deliver 200 bales of cotton during the month of September, an instruction to find against the seller if he did not have that number on hand to make delivery on September 23 was error.

4. APPEAL AND ERROR—INSTRUCTIONS NOT EXCEPTED TO.—Where no exceptions to the giving of an instruction was saved, the propriety of the instruction will not be considered on appeal.

Appeal from Lafayette Circuit Court; *George R. Haynie,* Judge; affirmed.

### STATEMENT OF FACTS.

T. L. Tennison, trustee of the estate of Scott Bros., bankrupts, brought this suit against J. D. Hanson to recover damages for an alleged breach of two contracts for the sale of cotton. This is the second appeal in the case. On the former appeal the judgment of the circuit court was reversed because the court erred in directing a verdict for the defendant. *Tennison* v. *Hanson,* 136 Ark. 266.

On the 4th day of August, 1916, J. D. Hanson, a merchant of Buckner, Arkansas, made a contract with Scott Bros., cotton factors of Paris, Texas, to sell them 200 bales of cotton to be delivered in September, 1916, at a stipulated price per pound. On the 16th day of August, 1916, Hanson made a contract with Scott Bros. to sell

them one hundred bales of cotton to be delivered in October, 1916, for a stipulated price per pound. On the 23d day of September, 1916, Hanson wrote to Scott Bros. that he thought he would have great difficulty in complying with his contract for the delivery of the cotton and asked to be released from the contract. This letter was written at the suggestion of a representative of Scott Bros. In a day or two thereafter Hanson was informed by the Arkansas representative of Scott Bros. that that firm had become insolvent and would go into bankruptcy.

The Arkansas representative of the firm testified that between the 20th and 25th days of September, 1916, he received a letter from the firm stating that it was insolvent and unable to carry out its contracts and directing him to close up the Arkansas office. He communicated these facts to Hanson.

Hanson testified that at this time he had in his possession 142 bales of cotton to be delivered on his contract with Scott Bros., and that he could have purchased the balance in time to have delivered the same during the month of September, and that he did not do so because he was informed that Scott Bros. had become insolvent and could not carry out their contracts.

A member of the firm of Scott Bros. testified that they were not insolvent at this time, and that they could have carried out their contract up to about the 10th of October, when they went into bankruptcy.

The jury returned a verdict for the defendant, and the case is here on appeal.

*King & Whatley*, for appellant.

The record is clear and convincing that plaintiff is entitled to a judgment, and the court erred in refusing instruction No. 2 for plaintiff. The errors here were not passed on by this court on the former appeal. The court erred in refusing No. 5 for plaintiff and violated the mandate of this court. It was also error to refuse No. 6 and in giving No. 1 for defendant. 136 Ark. 266. Appellant was entitled to judgment, as Hanson aban-

doned the performance of the contract before the insolvency of Scott Brothers, and he did not intend to deliver the cotton. Under the contract Hanson must deliver the cotton, or offer to do so, and appellant is entitled to judgment on the compromise for $1,500.

*Searcy & Parks,* for appellee.

There are no errors in the instructions, and the verdict is sustained by all the legal evidence and the former opinion of this court on first appeal.

HART, J. (after stating the facts). The plaintiff sought to recover in the action on the theory that Hanson abandoned the performance of the contract before the insolvency of Scott Bros., and that he did not intend to deliver the cotton under the contract. The facts are in conflict on this point, and this question was properly submitted to the jury under appropriate instructions.

Counsel for the plaintiff assign as error the refusal of the court to instruct the jury that it was the duty of Hanson to tender to plaintiff the cotton embraced in the contract, and that, if he failed to do so, he would be liable in damages to the plaintiff.

The court was right in refusing to give this instruction. It made the defendant guilty of a breach of the contract if he failed to tender the cotton to the plaintiff, regardless of the fact of whether or not plaintiff was able to carry out the contract.

According to the testimony of Hanson, he had been informed by the Arkansas representative of Scott Bros. that that firm had become insolvent, had ceased to do business, and would be unable to carry out its contract. This being true, it would have been a vain and idle thing for Hanson to have tendered the cotton to Scott Bros. under the contract. If Scott Bros. were unable to carry out the contract, no useful purpose could have been served by Hanson tendering to Scott Bros. or the plaintiff the cotton under the contract.

It is next insisted that the court erred in refusing to instruct the jury that if it should find from the evi-

dence that Hanson on the 23d day of September, 1916, did not have the September cotton and did not intend to deliver the same, it should find for the plaintiff. There was no error in refusing to give this instruction. Hanson had all of September in which to buy the cotton under the first contract. He had 142 bales on hand on the 23d of September, 1916, and said that he could have gotten the balance by the end of the month. The court had no right to limit his time of procuring the cotton to the 23d day of September, 1916, when his contract gave him the whole of that month. Hence the instruction would have been confusing and misleading to the jury and the court properly refused to give it. All of the instructions refused by the court contained this same vice, and there was no error in refusing them.

Counsel also complain that the court erred in giving an instruction asked by the defendant. We need not consider this assignment of error; for no exceptions were saved at the trial to the giving of it, and under our familiar rules of practice any objection to it will be deemed to have been waived.

The judgment will be affirmed.